# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 2:14-cr-00051 |
| vs. | ) |
| | ) Judge Robert J. Colville |
| ALFRED COLLIER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM ORDER OF COURT

Robert J. Colville, United States District Judge

Before the Court is the Emergency Motion to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion") (ECF No. 36) filed by Defendant Alfred Collier. Mr. Collier seeks a reduction of his sentence for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Collier asserts that his chronic diabetes, obesity, and spinal stenosis put him at increased risk of death or serious illness from COVID-19, and that such health issues constitute extraordinary and compelling reasons justifying his early release. Mot. 1, ECF No. 36.

### I.  Background

On March 5, 2014, Mr. Collier pled guilty to possession of a firearm with an obliterated serial number in violation of 18 U.S.C. 922(k) (Count 1) and carrying a firearm during a drug trafficking crime and possession in furtherance thereof in violation of 18 U.S.C. 924(c)(1)(A)(i) (Count 2). Plea, ECF No. 19. On July 8, 2014, the sentencing judge, the Honorable Gustave Diamond, sentenced Mr. Collier to a total term of incarceration of 151 months consisting of 60 months at Count One and 91 months at Count Two to be served consecutively. Judgment, ECF

1

No. 29.  The Court also imposed a term of supervised release of 5 years consisting of 3 years at Count One and 5 years at Count Two to be served concurrently.  *Id*.  Mr. Collier is currently serving his sentence at FCI Fort Dix in Burlington County, New Jersey.  Mot. 1, ECF No. 36.  To date, Mr. Collier has served approximately seven years of incarceration.  *Id.* at 5.  Mr. Collier asserts that, taking into account good time credit earned and based upon his counsel's telephone conversation with the Designation & Sentence Computation Center, Mr. Collier's current projected release date is March 16, 2024.  *Id.* at 5-6.

Mr. Collier filed his Motion on May 30, 2020.  After seeking and being granted an extension of time to respond to Mr. Collier's Motion, the Government filed its Response (ECF No. 45) on June 26, 2020.  On July 7, 2020, Mr. Collier sought, and this Court granted, an extension of time to file a reply to the Government's Response.  Mr. Collier filed a Reply (ECF No. 48) on July 7, 2020.  The Court granted Mr. Collier's Motion for Leave to File an Amended Reply on July 11, 2020.  Mr. Collier filed his Amended Reply (ECF No. 51) on July 13, 2020, and his Motion is thus ripe for disposition.

**II.     Discussion**

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).  Courts have specific authorization under the First Step Act's amendment of 18 U.S.C. § 3582 to modify a defendant's term of imprisonment where the court finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The reviewing court must also consider: "(1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." *United States v. Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

### A. Administrative Exhaustion

Section 3582(c)(1)(A)'s administrative exhaustion requirement provides that a defendant may bring a motion seeking compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "In other words, a defendant must first file a request for compassionate release with the warden of their facility and then either: (1) fully exhaust BOP's administrative remedies; or (2) wait thirty (30) days from the date their initial request was filed with the warden." *United States v. Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The Third Circuit has explained that, in light of ongoing pandemic, "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Government first argues that Mr. Collier's request to the warden of FCI Dix and his present Motion conflate two separate statutes,[1] and that this Court is without authority to grant the relief originally sought in the Request. Resp. 3, ECF No. 45. The Government asserts, and the Defendant agrees,[2] that it is the Federal Bureau of Prisons "BOP," and not the courts, that is solely responsible for determining an inmate's place of incarceration once a sentence is imposed. Resp. 3, ECF No. 45 (citing 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375,

---

[1] Specifically, 18 U.S.C. § 3624, which grants the Federal Bureau of Prisons the authority to place a prisoner in home confinement, and 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to modify a defendant's term of imprisonment if certain conditions are met.
[2] *See* Am. Reply 51, ECF No. 48.

1376 (5th Cir. 1973) (per curiam); *McKune v. Lile*, 536 U.S. 24, 39 (2002); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)).  The Government argues that Mr. Collier requested only home confinement, and not compassionate release or a reduction in sentence, before the BOP, and that Mr. Collier's request for home confinement is not a request for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), but rather a request to serve his incarceration at a different location.  Resp. 4-5, ECF No. 45.  The Government further argues that, because Mr. Collier did not explicitly request the relief permitted under 18 U.S.C. § 3582(c)(1)(A)(i), Mr. Collier has not exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A)(i).  *Id*.  The Government asserts that, because this Court has no authority to permit Mr. Collier to serve the rest of his incarceration via home confinement, this Court cannot consider Mr. Collier's current Motion, which does request compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  *Id.* at 5.  Mr. Collier argues that the BOP considered the Request to be a request under 18 U.S.C. § 3582(c)(1)(A)(i), and that this Court should consider the relief requested in his present Motion.[3]  Am. Reply 2-3, ECF No. 51.

Mr. Collier's request to the warden is attached as Exhibit A to Mr. Collier's Motion and is titled "REQUEST FOR RELEASE, pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act)" (the "Request").  The Request is dated March 30, 2020, *see* Mot. Ex. A, ECF No. 36, and Mr. Collier provided the Request to FCI Fort Dix staff on March 31, 2020, Mot. 3, ECF No. 36.  In addition, the Request was sent by certified mail directly to the warden of FCI Fort Dix on April 3, 2020, and receipt of the Request was confirmed on April 8, 2020.  *Id*.  In

---

[3] The Court notes that Mr. Collier has explicitly requested that this Court consider whether he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), and has further requested that this Court not construe his Motion as a petition for writ of habeas corpus.  *See* Am. Reply 2, ECF No. 51 ("The Defendant in the instant matter does not seek to have this motion construed as a petition for writ of habeas corpus under § 2241, as his circumstances align much more neatly with the criteria for relief under 18 U.S.C. § 3582(c)(1)(A)(i).").

the Request, Mr. Collier explicitly requested only that he be released to home confinement, *see* Mot. Ex. A at 2; 4; 5, ECF No. 36, and generally sets forth the requirements that would be associated with a request for home confinement made pursuant to 18 U.S.C. § 3624(c)(2).[4] The Government asserts that this Court cannot consider whether Mr. Collier is entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) because Mr. Collier never made such a request before the BOP, despite Section 3582(c)(1)(A)'s administrative exhaustion requirement.

The Court notes that the Motion before it clearly requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as it is titled "Emergency Motion to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i)" and requests that Mr. Collier "be immediately released from FCI Fort Dix and the remainder of his incarceration resentenced to time-served, so he may begin his sentence of federal supervision." Mot. 40, ECF No. 36. The Motion seeks release to home confinement in the alternative. *Id*. Further, while the Request explicitly requested only release to home confinement, it is clear in the instant case that FCI Dix's warden explicitly construed the Request as a request for compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A)(i), and that the warden then denied any request for compassionate release. *See* Mot. Ex. D, ECF No. 36 (the warden's denial letter cites to 18 U.S.C. § 3582, explains that a Compassionate Release/Reduction in Sentence request can only be granted where an individual

---

[4] *See Furando v. Ortiz*, No. CV 20-3739(RMB), 2020 WL 1922357, at *2 (D.N.J. Apr. 21, 2020), *reconsideration denied*, No. CV 20-3739(RMB), 2020 WL 3264161 (D.N.J. June 17, 2020) (Discussing the expansion of the use of home confinement under 18 U.S.C. § 3624(c)(2) provided by the CARES Act, and explaining that "[t]he Attorney General specifically directed the BOP to consider the totality of the circumstances of each inmate, the statutory requirements for home confinement, and a non-exhaustive list of discretionary factors including: the age and vulnerability of the inmate; the security level of the facility holding the inmate; the inmate's conduct while incarcerated; the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"); whether the inmate has a demonstrated and verifiable reentry plan that will prevent recidivism and ensure public safety (including verification that the conditions under which the inmate would be confined upon release would present a lower risk of contracting COVID-19 than the inmate would face at their current facility); and the inmate's crime of conviction."); *United States v. Mansaray*, No. CR 13-236, 2020 WL 3077184, at *2 (E.D. Pa. June 10, 2020).

sets forth "extraordinary or compelling" circumstances, and eventually states that "[a]ccordingly, the [Compassionate Release/Reduction in Sentence] request is denied."). In this case, the BOP considered the Request to be a request for compassionate release and rendered a decision as to whether it believed that Mr. Collier was entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i). Further, it has been well over thirty days since the Request was provided to the warden. *See* Mot. 3, ECF No. 36 (the Request was sent by certified mail on April 3, 2020 and confirmed received on April 8, 2020).[5] There is simply no basis in the present case for this Court to find that the Request, which the BOP itself construed as a request for compassionate release, was not a request for compassionate release. Moreover, the Government has responded on the merits to Mr. Collier's Motion and has conceded that, should the Court construe the Request to be a request for compassionate release, Mr. Collier's Motion would be ripe for consideration. *See* Resp. 4-6, ECF No. 45. In light of the above, the Court finds that there is a sufficient basis to conclude that Mr. Collier has satisfied Section 3582(c)(1)(A)'s administrative exhaustion requirement.

### B. "Extraordinary and Compelling" Reasons

The Government concedes that Mr. Collier has set forth extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A)(i). With respect to what constitutes "extraordinary and compelling" circumstances, the Application Notes to the Sentencing Commission's Policy Statement to 18 U.S.C. § 3582(c)(1)(A) provide, in pertinent part, that a defendant's non-terminal illness may constitute an extraordinary and compelling reason where "the defendant is suffering from a serious physical or medical condition . . . that substantially

---

[5] The Court notes that, while it makes no practical difference in the present case, the Request was provided to FCI Fort Dix staff on March 31, 2020, *see* Mot. 3, ECF No. 36, and that is the date on which the 30-day period actually commenced. *See United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *3 (W.D. Pa. May 29, 2020) ("Though it makes no practical difference here, the 30-day period is properly calculated from the date Mr. Somerville submitted his release request to prison staff, rather than the date it was physically placed on the Warden's desk or forwarded to the Warden's email inbox.").

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.(1)(A)(ii).[6] In interpreting caselaw involving requests for compassionate release in the context of the current global pandemic, the Honorable J. Nicholas Ranjan of the Western District of Pennsylvania has explained:

> [A] prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held.

*United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *8 (W.D. Pa. May 29, 2020); *see also United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *8 (E.D. Pa. Apr. 1, 2020) ("In the absence of a deadly pandemic that is deadlier to those with [defendant's] underlying conditions, these conditions would not constitute 'extraordinary and compelling reasons.' It is the confluence of COVID-19 and [defendant's] health conditions that makes this circumstance extraordinary and compelling.").

Mr. Collier is 40 years old and suffers from type 2 diabetes mellitus, obesity, and spinal stenosis. Mot. 23; 28, ECF No. 36. Mr. Collier's medical records confirm that Mr. Collier suffers from these conditions. Mot. Ex. E-G, ECF No. 36. The Centers for Disease Control and Prevention has provided that "[h]aving type 2 diabetes increases your risk of severe illness from COVID-19." Centers for Disease Control and Prevention, *Who is at Increased Risk for Severe Illness?: People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 17, 2020). The Court further notes that Mr. Collier has recently

---

[6] To find compelling and extraordinary reasons, the Policy Statement further requires that a court find that a defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13, cmt. n.(1).

been found to have a Body Mass Index (BMI) of 39.6. Mot. Ex. G, ECF No. 36. This BMI indicates that Mr. Collier suffers from obesity, and borderline "extreme" or "severe" obesity. Centers for Disease Control and Prevention, *Defining Adult Overweight and Obesity*, https://www.cdc.gov/obesity/adult/defining.html (last visited July 21, 2020). The CDC has provided that "[h]aving obesity, defined as a body mass index (BMI) of 30 or above, increases your risk of severe illness from COVID-19." Centers for Disease Control and Prevention, W*ho is at Increased Risk for Severe Illness?: People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 17, 2020).[7]

Further, FCI Fort Dix currently houses 5 inmates that are presently testing positive for COVID-19, and has had an additional 35 inmates and 5 staff recover from COVID-19. Federal Bureau of Prisons, COVID-19 Tracker, https://www.bop.gov/coronavirus/ (last updated July 21, 2020). For the reasons discussed above, it is clear that Mr. Collier suffers from medical conditions that place him at a high risk of grave illness and death if he were to become infected with COVID-19. It is further clear that he faces an actual, non-speculative risk of COVID-19 exposure at FCI Fort Dix. The Court thus finds that the combination of the COVID-19 pandemic and Mr. Collier's preexisting medical conditions constitutes an "extraordinary and compelling reason" for a reduction in Mr. Collier's sentence.

### C. Consideration of the § 3553(a) Factors

As the Court has found that Mr. Collier has exhausted his administrative remedies and that he has presented "extraordinary and compelling reasons" for a reduction in his sentence, the Court

---

[7] The Court notes that Mr. Collier has not set forth sufficient evidence that his spinal stenosis, combined with the threat of COVID-19 infection, presents a compelling and extraordinary reason for release. The Court makes no finding as to this issue because Mr. Collier has sufficiently set forth that his diabetes and obesity, together with the threat of COVID-19 infection, constitute extraordinary and compelling reasons.


must next look to the factors set forth in 18 U.S.C. § 3553(a). "[I]n considering the section 3553(a) factors, [the Court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *United States v. Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.) (quoting *United States v. Bess*, No. 16-156, 2020 WL 1940809, at *10 (W.D.N.Y. Apr. 22, 2020)).

> The Section 3553(a) factors include:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution to any victims of the offense.

*United States v. Ollie*, No. CR 1:12-09, 2020 WL 3469754, at *4 (W.D. Pa. June 24, 2020) (citing 18 U.S.C. § 3553(a)).

The offenses at issue are serious in nature, as Mr. Collier pled guilty to unlawfully possessing a firearm with an obliterated serial number and carrying a firearm in relation to a drug trafficking crime. Judgment, ECF No. 29. At the time of sentencing, Mr. Collier's total criminal history score was 16, and his criminal history category was VI. Memo. Order and Tentative Findings and Rulings 3, ECF No. 27. The Court notes that Mr. Collier's criminal history displays repeated contempt for both the law and court supervision. Mr. Collier has an extensive criminal history which involves multiple convictions for illegal possession of firearms and controlled substances. ECF No. 22 at 8-13. Mr. Collier has also previously been convicted of, inter alia, aggravated assault and robbery, though the Court notes that this offense took place nearly twenty

years ago, and that the present offenses, though serious, including a weapons charge, were not crimes of actual violence. *Id.* at 10-11. Further, Mr. Collier committed the instant offenses while subject to probation, and several of his previous convictions likewise occurred while Mr. Collier was subject to court supervision. *Id*. at 8-13. The Court finds that the serious nature of the present crimes for which Mr. Collier was convicted and Mr. Collier's extensive criminal history weigh strongly against a reduction in sentence.

In considering the need for the sentence imposed, a court considers the need: to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). With respect to the need for a defendant's remaining sentence, the Court notes that "while rehabilitation alone cannot form a basis for compassionate release in determining the need for [a defendant's] remaining sentence," the Court may consider a defendant's rehabilitation during the time that the defendant has spent in prison since the defendant's arrest in resolving that issue. *United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *14 (W.D. Pa. May 29, 2020) (internal citation omitted) (citing 28 U.S.C. § 994(t); *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *10 (E.D. Pa. Apr. 1, 2020)).

The Court finds that this factor also weighs against release in this case. As discussed above, the offenses in the case were serious in nature, and the sentence imposed, a total term of incarceration of 151 months consisting of 60 months at Count One and 91 months at Count Two

to be served consecutively, effectively reflects the seriousness of those offenses, promotes respect for the law, and provides a just punishment for the offenses. Taking into account good time credit earned, Mr. Collier has served approximately 62% of this sentence. Mot. 6, ECF No. 36. The Court finds that a reduction in sentence to time served at this juncture would not adequately reflect the seriousness of the crimes at issue, promote respect for the law, or provide a just punishment. The Court further finds that Mr. Collier's pattern of recidivism, his commission of crimes while on supervised release, and his multiple firearm convictions counsel in favor of finding that the original sentence imposed remains necessary to deter future criminal conduct by Mr. Collier and to protect the public from future criminal conduct. While the Court acknowledges Mr. Collier's rehabilitation efforts and positive disciplinary record while incarcerated, *see* Mot. 37-39, ECF No. 36; Mot. Ex. I; O, ECF No. 36; Mot. Ex. H, ECF No. 36, as well as the clear support of his friends and family, *see* Mot. Ex. I-N, ECF No. 36, the Court finds, for the reasons set forth above, that the original sentence in this matter is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). The Court further finds that the remaining Section 3553(a) factors are either inapplicable or do not weigh in favor of compassionate release.

For the reasons discussed above, compassionate release would undermine the goals of the original sentence, and the Court finds that the Section 3553(a) factors outweigh the "extraordinary and compelling reasons" for a reduction in Mr. Collier's sentence. Accordingly, this Court will deny Mr. Collier's Motion.

### D. Deferral to the BOP

Because this Court is unable to modify Mr. Collier's sentence pursuant to 18 U.S.C. § 3582, the Court cannot direct the placement of Mr. Collier at this time. *See United States v. Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.). This Court will

thus defer to the BOP's "exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long." *Id.* (quoting *United States v. Parks*, No. 17-cr-137, 2019 WL 5085968, at *1 (N.D. Ohio Oct. 10, 2019).

### III.     Conclusion

For the reasons discussed above, it is hereby ORDERED that Defendant Alfred Collier's Emergency Motion to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 36) is DENIED without prejudice.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: July 22, 2020

cc/ecf: All counsel of record