IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 2:14-cr-00051 |
| | ) |
| vs. | ) |
| | ) Judge Robert J. Colville |
| ALFRED COLLIER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court is the Emergency Motion to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion") (ECF No. 53) filed by Defendant Alfred Collier.  Mr. Collier seeks a reduction of his sentence for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).  The Government filed a Response to Mr. Collier's Motion (ECF No. 55) on November 3, 2020.  For the reasons discussed below, the Court will deny Mr. Collier's Motion.

**I.      Background**

On March 5, 2014, Mr. Collier pled guilty to possession of a firearm with an obliterated serial number in violation of 18 U.S.C. 922(k) (Count 1) and carrying a firearm during a drug trafficking crime and possession in furtherance thereof in violation of 18 U.S.C.  924(c)(1)(A)(i) (Count 2).  Plea, ECF No. 19.  On July 8, 2014, the sentencing judge, the Honorable Gustave Diamond, sentenced Mr. Collier to a total term of incarceration of 151 months consisting of 60 months at Count One and 91 months at Count Two to be served consecutively.  Judgment, ECF No. 29.  The Court also imposed a term of supervised release of 5 years consisting of 3 years at

1

Count One and 5 years at Count Two to be served concurrently. *Id*. Mr. Collier is currently serving his sentence at FCI Fort Dix in Burlington County, New Jersey. Mot. 2, ECF No. 53. To date, Mr. Collier has served approximately seven years and four months of incarceration. *Id.* at 3. Mr. Collier asserts that, taking into account good time credit earned, his current projected release date is March 16, 2024. *Id*.

Mr. Collier filed a materially similar Emergency Motion to Reduce Sentence (ECF No. 36) on May 30, 2020, and this Court denied that Motion without prejudice by Memorandum Order (ECF No. 52) on July 22, 2020. This Court's July 22, 2020 Memorandum Order, which is incorporated herein by reference, explained that "compassionate release would undermine the goals of the original sentence," and further found "that the Section 3553(a) factors outweigh the 'extraordinary and compelling reasons' for a reduction in Mr. Collier's sentence." Mem. Order 11, ECF No. 52. Mr. Collier asserts that changed circumstances warrant the Court's renewed consideration of a potential reduction in his sentence. Specifically, Mr. Collier asserts that he has contracted COVID-19 and is now experiencing symptoms of COVID-19, and that FCI Fort Dix is currently experiencing a COVID-19 outbreak which could potentially limit Mr. Collier's access to medical services at the facility. *Id.* at 1-2.

**II.     Discussion**

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007). Courts have specific authorization under the First Step Act's amendment of 18 U.S.C. § 3582 to modify a defendant's term of imprisonment where the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reviewing court must also consider: "(1) whether the defendant has exhausted the appropriate administrative

2

remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

### A. Administrative Exhaustion

This Court previously found that Mr. Collier has satisfied Section 3582(c)(1)(A)'s administrative exhaustion requirement, and there is no basis to revisit that decision.

### B. "Extraordinary and Compelling" Reasons

In its July 22, 2020 Memorandum Order, this Court held:

> Mr. Collier suffers from medical conditions[, specifically type 2 diabetes and obesity,] that place him at a high risk of grave illness and death if he were to become infected with COVID-19.  It is further clear that he faces an actual, non-speculative risk of COVID-19 exposure at FCI Fort Dix.  The Court thus finds that the combination of the COVID-19 pandemic and Mr. Collier's preexisting medical conditions constitutes an "extraordinary and compelling reason" for a reduction in Mr. Collier's sentence.

Mem. Order 8, ECF No. 52.  The Centers for Disease Control and Prevention continue to categorize type 2 diabetes and obesity as medical conditions which increase an individual's risk of severe illness from COVID-19.  Centers for Disease Control and Prevention, *People at Increased Risk: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated November 2, 2020).  As noted in Mr. Collier's Motion, FCI Fort Dix has recently seen a rapid increase in positive cases of COVID-19 among inmates in the facility.  Mot. 2, ECF No. 53.  As of the most recent update from the Federal Bureau of Prisons, there are presently 229 positive cases of COVID-

19 among inmates at FCI Fort Dix,[1] and 12 positive cases among staff. Federal Bureau of Prisons, COVID-19 Tracker, https://www.bop.gov/coronavirus/ (last updated November 9, 2020).

With respect to what constitutes "extraordinary and compelling" circumstances, the Application Notes to the Sentencing Commission's Policy Statement to 18 U.S.C. § 3582(c)(1)(A) provide, in pertinent part, that a defendant's non-terminal illness may constitute an extraordinary and compelling reason where "the defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.(1)(A)(ii).[2]  In interpreting caselaw involving requests for compassionate release in the context of the current global pandemic, the Honorable J. Nicholas Ranjan of the Western District of Pennsylvania has explained:

> [A] prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held.

*United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *8 (W.D. Pa. May 29, 2020); *see also United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *8 (E.D. Pa. Apr. 1, 2020) ("In the absence of a deadly pandemic that is deadlier to those with [defendant's] underlying conditions, these conditions would not constitute 'extraordinary and compelling reasons.' It is the confluence of COVID-19 and [defendant's] health conditions that makes this circumstance extraordinary and compelling.").

---

[1] Per this update, FCI Fort Dix currently has the second most positive cases of COVID-19 among BOP facilities.
[2] To find compelling and extraordinary reasons, the Policy Statement further requires that a court find that a defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13, cmt. n.(1).

While the Court maintains genuine sympathy toward Mr. Collier's legitimate concerns respecting his recent COVID-19 diagnosis, and sincerely wishes Mr. Collier a speedy recovery, the Court notes that the circumstances set forth in Mr. Collier's Motion do not warrant a reconsideration of or a change in the legal analysis set forth in this Court's July 22, 2020 Memorandum Order denying Mr. Collier's first Emergency Motion to Reduce Sentence. In determining that Mr. Collier had set forth an "extraordinary and compelling reason" for a reduction in his sentence, this Court was required to consider, and did consider, whether Mr. Collier suffered from "a sufficiently serious medical condition, or advanced age, placing [him] at a uniquely high risk of grave illness or death if infected by COVID-19," and whether there existed "an actual, non-speculative risk of exposure to COVID-19 in the facility where the [Mr. Collier] is held." *See United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *8 (W.D. Pa. May 29, 2020). This Court found that Mr. Collier had established the same, but ultimately denied Mr. Collier's Motion because "the Section 3553(a) factors outweigh[ed] the 'extraordinary and compelling reasons' for a reduction in Mr. Collier's sentence" and because "compassionate release would undermine the goals of the original sentence." Mem. Order 11, ECF No. 52. In finding that extraordinary and compelling reasons for a reduction in sentence existed, the Court recognized the legitimate risk posed by a combination of Mr. Collier's medical conditions and the ongoing COVID-19 pandemic, but ultimately found that compassionate release was not appropriate. The fact that the Court's and Mr. Collier's concerns have been realized and that Mr. Collier has contracted COVID-19, while truly unfortunate, does not alter this Court's analysis that a reduction in sentence would not be consistent with the § 3553(a) factors.

Further, to the extent that Mr. Collier argues that the dramatic increase in positive COVID-19 cases among inmates at FCI Fort Dix renders the medical care available at the facility unable

to adequately address Mr. Collier's current condition or that the conditions at FCI Fort Dix are somehow unconstitutional such that his release is warranted, the Court agrees with the Government that an emergency motion pursuant to 28 U.S.C. § 2241, and not a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), is the proper avenue to address such concerns. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 324–25 (3d Cir. 2020) ("Given the extraordinary circumstances that existed in March 2020 because of the COVID-19 pandemic, we are satisfied that their § 2241 claim seeking only release on the basis that unconstitutional confinement conditions require it is not improper."). The Court takes no position as to the merits of such a motion, and merely cites to Mr. Collier's arguments respecting the adequacy of the medical treatment provided by the staff at FCI Fort Dix and/or his conditions of confinement for purposes of stating that the same are more appropriately addressed through a habeas motion.

### C. Consideration of the § 3553(a) Factors

The Court's findings with respect to the Section 3553(a) factors are set forth in its July 22, 2020 Memorandum Order, and there is no basis to revisit or reconsider that analysis at this time. The Court finds that the Section 3553(a) factors outweigh the "extraordinary and compelling reasons" for a reduction in Mr. Collier's sentence, and will deny Mr. Collier's Motion.

### D. Deferral to the BOP

Because this Court is unable to modify Mr. Collier's sentence pursuant to 18 U.S.C. § 3582, the Court cannot direct the placement of Mr. Collier at this time. *See United States v. Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.). This Court will thus defer to the BOP's "exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long." *Id.* (quoting *United States v. Parks*, No. 17-cr-137, 2019 WL 5085968, at *1 (N.D. Ohio Oct. 10, 2019).

### III. Conclusion

For the reasons discussed above, it is hereby ORDERED that Defendant Alfred Collier's Emergency Motion to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 53) is DENIED without prejudice.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: November 12, 2020

cc/ecf: All counsel of record